Prepared By:
Michael Jones, CA Bar No. 271574
M. Jones & Associates, PC
505 North Tustin Ave, Suite 105
Santa Ana, CA 92705
Telephone: (714) 795-2346
Facsimile: (888) 341-5213
Email:  mike@MJonesOC.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CAROLINE MARIE DE LAURELL<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR CREDIT COMPANY LLC, AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants | Case No.  8:20-cv-1103<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL<br><br>COUNT 1: Violations of Telephone Consumer Protection Act<br><br>COUNT 2: Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code 1788 et seq. |

# **INTRODUCTION**

1. This is an action for damages brought by Caroline Marie De Laurell (hereinafter "Plaintiff"), an individual consumer, for violations by Ford Motor Credit Company ("Ford") (hereinafter "Defendant") of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq*, (hereinafter "TCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq*. (hereinafter "RFDCPA").

2. In Calif. Civil Code § 1788.1 (a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.
> It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

3. The true name and capacities, whether individual, corporate, or associate, or otherwise of Defendants named herein DOES 1 through 10, inclusive, each of the them are unknown to Plaintiff who therefore sues said Defendant by such fictitious names, and Plaintiff will amend this complaint to state the true names and capacities when the same have been ascertained. Plaintiff is informed and believes and based thereon allege that each fictitious Defendant designated herein as a DOE was responsible, negligently or in some other actionable manner for the events and happenings referred to herein which proximately caused injury to Plaintiff as hereinafter alleged.

4. Defendant Ford and Defendants named herein DOES 1 through 10, inclusive, are hereinafter collectively referred to as "Defendants".

5. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION & VENUE

7.  Jurisdiction of this Court arises under 28 U.S.C. § 1331, 47 U.S.C. § 227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.  Injunctive relief is available pursuant to the TCPA.

8.  This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and the Rosenthal Fair Debt Collection Practices Act, CAL CIV CODE § 1788 et. seq., ("RFDCPA"), in their illegal efforts to collect a consumer debt.

9.  Venue is proper in this District because the acts and transactions occurred in this District.  28 U.S.C. § 1391(b)(2).

## PARTIES & DEFINITIONS

10.  Plaintiff, Caroline Marie De Laurell was residing in Ventura County, California at the time of the described events.

11.  Plaintiff, as a natural person allegedly obligated to pay a consumer debt to Defendant, alleged to have been due and owing, is therefore both a "consumer" and is also a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

12. At all relevant times herein, Defendant Ford was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code § 1788.2(f).

13. Defendant is a financial company that continuously and systematically engages in its business of collecting debts in the state of California, and using telephone numbers within California. Defendant is a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c).

14. At all times relevant herein, Defendant utilized Lincoln Automotive Financial Services as their agent for insolvency matters to handle, manage and/or collect on Plaintiff's account.

15. The true names and capacities of defendants named herein as DOES 1 through 10 inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff who therefore sues such defendants under fictitious names. Plaintiff is informed and believes, and thereon allege, that these defendants, DOES 1 through 10, are in some manner or capacity, and to some degree, legally responsible and liable for the wrongs of which Plaintiff complains. Plaintiff will amend her complaint to allege the true names and capacities of these DOE defendants once they are ascertained. On information and belief, Plaintiff makes all allegations

contained in this complaint against all defendants, including DOES 1 through 10, inclusive.

16. At all times herein mentioned, each Defendant was an agent, servant, employee and/or joint venturer of each of the remaining Defendants, and was at all times acting within the course and scope of such agency, service, employment, and/or joint venture, and each Defendant has ratified, approved, and authorized the acts of each of the remaining defendants with full knowledge of said acts.

17. Upon information and belief, Defendant was attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(e) of the Rosenthal Act.

18. Because Plaintiff is a natural person allegedly obligated to pay money to Defendant arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

19. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves or

others, and is therefore a "debt collector" within the meaning of Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

20.  Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227.

## FACTUAL ALLEGATIONS

21.  At various and multiple times prior to the filing of this complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

22.  On June 4, 2019, Plaintiff sent a written notice to Lincoln Automotive Financial Services, the company that was assigned as the designated agent/contact for insolvency matters for Defendant, advising Defendant that she disputed the alleged debt owed, that she revoked any consent to contact by Defendant concerning the debt, and specifically that she was to never be called again by Defendant or anyone affiliated with

Defendant any way. A copy of this written notice is attached hereto as Exhibit A.

23. On or about July 16, 2019, Defendant placed a call to Plaintiff on Plaintiff's cell phone regarding the alleged debt owed.

24. On or about July 17, 2019, Defendant placed a call to Plaintiff on Plaintiff's cell phone regarding the alleged debt owed.

25. On or about July 19, 2019, counsel for Plaintiff called Defendant and told Defendant to no longer call the Plaintiff and to also restrict any and all communication to counsel only.

26. On or about July 20, 2019, Defendant placed a call to Plaintiff on Plaintiff's cell phone regarding the alleged debt owed.

27. On or about July 21, 2019, Defendant placed a call to Plaintiff on Plaintiff's cell phone regarding the alleged debt owed.

28. On or about July 22, 2019, Defendant placed a call to Plaintiff on Plaintiff's cell phone regarding the alleged debt owed.

29. On information and belief, Defendant used an "automatic telephone dialing system", as defined by 47 US.C. § 227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

30. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

31. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

32. At the time of Defendant's offending call(s), Plaintiff had directly revoked any and all consent to be contacted by Defendant, including, but not limited to, calls using an automated telephone dialing system.

33. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e)).  This provision was violated because Plaintiff had requested NO phone contact, and Defendant continued to call her.

34. Defendant's conduct violated the TCPA by using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or

any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

35. As a result of the above violations of the RFDCPA and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiffs feelings, personal humiliation, embarrassment, mental anguish and emotional distress.

36. Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## CAUSES OF ACTION

### COUNT I:
### VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

37. Plaintiff incorporates by reference all of the preceding paragraphs.

38. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq*.

39. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C § 227(b)(3)(B).

40. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. §227 *et seq*.

41. As a result of Defendant's knowing violations of 47 U.S.C. § 227 *et seq.*, Plaintiff ultimately resorted to filing a bankruptcy petition under Title 11 of the United States Code at great expense to her in order to, *inter alia,* stop the continuing violations.

42. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C § 227(b)(3)(C).

43. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

44. Because of the Defendant's violations of the TCPA, Plaintiff is entitled to an award against Defendant as follows:

a. As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to recover from Defendant $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C., 227(b)(3)(B);

b. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1). Plaintiff is entitled to recover from Defendant treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

## COUNT II:
## VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

45. Plaintiff reincorporates by reference all of the preceding paragraphs.

46. It is an inherently unfair collection practice as contemplated by 15 U.S.C. § 1692f to violate a consumer protection law (TCPA) in the collection of a debt.

47. Defendant's conduct as described herein violated the RFDCPA § 1788.17 which mandates that every debt collection collecting or attempting to collect a consumer debt shall comply with the provisions of

Sections 1692d to 1692j, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692d and § 1692d(5).

48. As a result of the Defendant's illegal conduct, Plaintiff has suffered emotional distress and mental anguish.

49. Defendant is liable to Plaintiff for actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under the RFDCPA.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant as follows:

## COUNT 1:
## Telephone Consumer Protection Act

a) For an award of Plaintiff's actual damages in an amount according to proof;

b) For an award of statutory damages of $500.00 for each and every negligent violation of the TCPA provisions of 47 U.S.C. §227(b)(1);

c) For an award of statutory damages of $1,500.00 for each and every willful or intentional violation of the TCPA provisions of 47 U.S.C. §227(b)(1);

d) and such further relief as the Court deems just and proper.

## COUNT II:
## Rosenthal Fair Debt Collection Practices Act

a) For an award in favor of Plaintiff and against Defendant pursuant to the RFDCPA for Plaintiff's actual damages in an amount according to proof;

b) For an award of statutory damages for willful and negligent violations of the RFDCPA in an amount not less than $1,000.00;

c) For an award of Plaintiff's costs incurred in this litigation pursuant to the RFDCPA;

d) For an award of Plaintiff's reasonable attorney's fees pursuant to the RFDCPA;

e) And such further relief as the Court deems just and proper.

*(signature on following page)*

Dated this 24 June 2020.

                                              **M Jones and Associates, PC**
                                              Attorneys for Plaintiff

_/s/ Michael Jones_
Michael Jones

## JURY DEMAND

Pursuant to the Seventh Amendment to the Constitution of the United States of America, and Fed.R.Civ.P. 38, Plaintiff is entitled to, and demands, a trial by jury on all matters so triable.

Dated this 24 June 2020.

                                              **M Jones and Associates, PC**
                                              Attorneys for Plaintiff

_/s/ Michael Jones_
Michael Jones

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA        )
                           )
COUNTY OF ORANGE           )

Pursuant to 28 U.S.C. § 1746, Plaintiff Caroline Marie De Laurell, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys, copies of which may be attached to this Complaint, is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any

exhibit that may be attached hereto, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___06___ / ___15___ / ___2020___
                Month         Day        Year

_____
Signature

COMPLAINT
17